IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

QUOC D.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:19-cv-00538-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Quoc D. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g).

    Plaintiff argues that the Administrative Law Judge ("ALJ") erred by accepting vocational expert ("VE") testimony unsupported by substantial evidence. But because Plaintiff failed to preserve this argument at either of his two administration hearings, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

    A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. §

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

Plaintiff stipulates to the findings of the ALJ at steps one through four. Pl.'s Op. Br. 4, ECF No. 13. Plaintiff only challenges the ALJ's step five determination, arguing that the VE testimony relied on is unsupported by substantial evidence. Pl.'s Op. Br. 4. At step five, the ALJ found that Plaintiff could perform the occupations of usher, tanning salon attendant, ironer, black oxide coating equipment tender, and acid plant operator helper. Tr. 25. Relying on the VE's testimony,

the ALJ further found that these jobs exist in significant numbers in the national economy. Tr. 24–25. The ALJ therefore found that Plaintiff was not disabled. Tr. 25.

Plaintiff specifically challenges the VE and ALJ's job numbers. But Plaintiff did not preserve this argument at either of his two hearings. In this circuit, if "a claimant fails entirely to challenge a [VE's] job numbers during administrative proceedings before the agency, *the claimant forfeits such a challenge on appeal*, at least when that claimant is represented by counsel." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (emphasis added). At both ALJ hearings, Plaintiff's counsel questioned whether the VE was correct in determining that Plaintiff could handle certain occupations, but never raised an argument about the job numbers the ALJ relied on. *See* tr. 40 (explaining that the theory of the case was the assertion that Plaintiff's hands were severely impacted); tr. 56–58 (failing to question the VE about how they determined the number of jobs in the national economy). Just as in *Shaibi*, Plaintiff's counsel "did not even obliquely suggest that the VE's job estimates might be unreliable at any point during administrative proceedings. His claim is therefore forfeited." 883 F.3d at 1110.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of September, 2020.

                                                         s/Michael J. McShane
                                                         Michael J. McShane
                                                         United States District Judge